UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CATHERINE GRACE MCFARLANE,

    Plaintiff,

v.

                          CASE NO. 8:18-cv-01896-T-30-AAS

HOTEL EQUITIES GROUP, LLC,

    Defendant.

**UNOPPOSED MOTION TO SET ASIDE CLERK'S DEFAULT
AND FOR EXTENSION OF TIME TO ANSWER COMPLAINT**

Without opposition from Plaintiff, Defendant Hotel Equities Group, LLC ("Defendant") moves the Court to set aside the Clerk's default entered on August 27, 2018, and for an extension of time until September 7, 2018 for Defendant to file its answer to the Complaint. In support of this Motion, Defendant states as follows:

1. On August 1, 2018, Plaintiff filed a one-count Complaint (the "lawsuit") against Defendant, alleging violations of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*

2. Defendant's registered agent for service of process in Florida was served with the Summons and Complaint on August 3, 2018. *See* D.E. 5.

3. Pursuant to Fed. R. Civ. P. 12, Defendant had until August 24, 2018 to respond to the Complaint.

4. However, Defendant's corporate representative responsible for processing the lawsuit did not receive the Complaint until August 13, 2018. Due to an

administrative error, Defendant recorded August 13, 2018 as the date the Complaint was served, resulting in an anticipated response deadline of September 4, 2018.

5. Defendant retained the undersigned as counsel during the week of August 20, 2018, and the September 4, 2018 response deadline was calendared.

6. On August 27, 2018, unbeknownst to Defendant, Plaintiff filed a Motion for Entry of Clerk's Default. D.E. 6. That same day, the Clerk's Entry of Default was entered. D.E. 7.

7. On August 28, 2018, the undersigned reviewed the court's docket and learned of the Motion for Entry of Clerk's Default and the Clerk's Entry of Default from the previous day.

8. Later on August 28, 2018, Defendant prepared the instant motion, in which it asks the Court to vacate the clerk's default and requests an extension of time to answer the Complaint. The undersigned has conferred with Plaintiff's counsel, who indicated that Plaintiff does not oppose any of the relief requested in this motion.

9. This motion is made in good faith and not for purposes of delay.

10. In light of the above, Defendant asks the Court to set aside the Clerk's Default and requests an extension of time until September 7, 2018 to answer the Complaint.

# MEMORANDUM OF LAW

I. **THERE IS GOOD CAUSE TO SET ASIDE THE CLERK'S ENTRY OF DEFAULT**

The Eleventh Circuit has a strong policy of determining cases on their merits and, therefore, does not favor default judgments. *See, e.g., Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993); *Tucker v. Cherryden, LLC*, No. 8:12-cv-1429, 2012 U.S. Dist. LEXIS 128101 at *3 (M.D. Fla. Sep. 10, 2012).

Pursuant to Federal Rule of Civil Procedure 55(a), when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A Court may, however, "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Courts construe the "good cause" standard liberally on a case-by-case basis. *Compania Interamericana Export-Import, S.A. v. Compania Domincana de Avaiacion*, 88 F.3d 948, 951 (11th Cir. 1996). In contrast to the heightened "excusable neglect" standard for setting aside a default judgment under Federal Rule of Civil Procedure 60(b), a movant seeking to obtain relief from the entry of a Clerk's default under Rule 55(c) is only required to make a "bare minimum showing" to support its claim for relief. *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988).

While "good cause" is a mutable standard that varies depending on the situation, courts analyzing whether "good cause" exists have commonly considered: (1) whether the default was culpable or willful; (2) whether setting it aside would prejudice the adversary; and (3) whether the defaulting party presents a meritorious defense. *Compania Interamericana*, 88 F.3d at 951. These factors are not "talismanic," however,

3

and courts may, at their discretion, consider other factors, including but not limited to: (1) whether the public interest was implicated; (2) whether there was significant financial loss to the defaulting party; and (3) whether the defaulting party acted promptly to correct the default. *Id.* As discussed below, the circumstances weigh in favor of setting aside the Clerk's Default.

### A. Defendant's Default Was Neither Culpable Nor Willful

The individual responsible for Defendant's processing of the lawsuit had no knowledge of the instant action until August 13, 2018. Shortly thereafter, that date was erroneously identified as the date of service of the Complaint. That mistake ultimately resulted in the entry of the Clerk's Default. However, there is no evidence that Defendant acted willfully; to the contrary, upon learning of the lawsuit, it acted promptly to retain counsel and to meet what it believed to be the deadline to respond to the Complaint. When a review of the Court's docket revealed that a Clerk's Default had been entered (and thus that Defendant had improperly calendared the date the Complaint was served), Defendant immediately moved to set aside the Clerk's Default so that it may participate in the case on the merits. Accordingly, the Court should set aside the Clerk's Default and allow this case to proceed on the merits.

### B. Setting Aside the Clerk's Default Will Not Prejudice Plaintiffs

The delay in responding to the Complaint is in no way prejudicial to Plaintiff. "Delay in adjudicating a plaintiff's claim does not qualify as sufficient prejudice under Rule 55. Instead, [a plaintiff] would have to show that the delay would result in a loss of evidence, increased opportunities for fraud, or discovery difficulties." *Griffin IT Media,*

*Inc. v. Intelligentz Corp.*, No. 07-80535-CIV, 2008 U.S. Dist. LEXIS 3384, at *7 (S.D. Fla. Jan. 16, 2008) (quoting *Burrell v. Henderson*, 434 F.3d 826, 835 (6th Cir. 2006)). None of those circumstances are present here. Plaintiff will have ample time to assert her claims, engage in discovery, and present her case to the fact-finder. Setting aside the default will not affect her ability to recover damages in this action, if she prevails.

### C. Defendant Has Meritorious Defenses

To show a meritorious defense, the "[l]ikelihood of success is not the measure." *Griffin*, 2008 U.S. Dist. LEXIS at *8 (quoting *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 374 (D.C. Cir. 1980)). When a defendant provides a mere "hint of a suggestion" that its case has merit, this showing is made. *Rodriguez*, 2013 U.S. Dist. LEXIS 86131, at *8.

Here, in its forthcoming Answer and Defenses, Defendant will deny all material allegations in the Complaint. Defendant also intends to assert additional viable defenses supporting a finding that it compensated Plaintiff properly and in accordance with the requirements of the FLSA. Finally, in this litigation Defendant will submit to Plaintiff detailed time and pay records demonstrating that Plaintiff was paid for all hours she worked, including overtime hours, at the proper rate of pay. Accordingly, this factor weighs in favor of setting aside the Clerk's Default.

### D. Defendant Would Suffer Financial Loss if This Case Were Not Decided on the Merits

In the Complaint, Plaintiff contends she is owed for unpaid overtime, liquidated damages, and attorney's fees and costs. Defendant denies that it violated the FLSA and maintains that it compensated Plaintiff properly for all hours she worked. Thus,

Defendant believes that it owes nothing to Plaintiff. If a default judgment is entered in Plaintiff's favor, Defendant would suffer financial loss. Accordingly, Defendant submits that this factor weighs in favor of allowing this case to be decided on the merits.

### E. **Defendant Acted Promptly to Correct the Default**

Upon learning on August 28, 2018 of the Motion for Entry of Clerk's Default and the Clerk's Entry of Default, Defendant immediately prepared and filed the instant motion that same day. Defendant's swift diligence in addressing the default cannot be disputed.

### CONCLUSION

In light of the foregoing, the Clerk's Default should be set aside to allow this case to be determined on the merits in accordance with the Eleventh Circuit's strong policy. Defendant respectfully requests that the Court enter an Order: (1) granting this Motion; (2) setting aside the Clerk's Default entered against Defendant; (3) granting Defendant an extension of time of ten days from today (*i.e.*, through September 7, 2018) to answer the Complaint; and (4) granting such other and further relief as this Court deems just and proper.

### CERTIFICATE OF GOOD FAITH

Pursuant to Local Rule 3.01(b) of the U.S. District Court for the Middle District of Florida, I certify that I have conferred telephonically and via email with Plaintiff's counsel regarding the relief sought in this motion. Plaintiffs' counsel advised the undersigned that he has no opposition to the relief requested in this motion.

Dated as of August 28, 2018

CASE NO. 8:18-cv-01896-T-30-AAS

Respectfully submitted,

*Ashwin R. Trehan*
Ashwin R. Trehan, Esq.
Florida Bar No.: 0042675
Email: ashwin.trehan@jacksonlewis.com
JACKSON LEWIS P.C.
Wells Fargo Center
100 South Ashley Drive
Suite 2200
Tampa, Florida 33602
Telephone: (813) 512-3210
Facsimile:  (813) 512-3211
*Counsel for Defendant, Hotel Equities Group, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notice of Electronic Filing generated by CM/ECF and electronic mail.

*/s/ Ashwin R. Trehan*
Attorney

7

CASE NO. 8:18-cv-01896-T-30-AAS

## SERVICE LIST

**CATHERINE GRACE MCFARLANE V. HOTEL EQUITIES GROUP, LLC**
**CASE NO. 8:18-cv-01896-T-30-AAS**

| | |
|---|---|
| W. John Gadd, Esq. (463061)<br>Email:  wjg@mazgadd.com<br>THE LAW OFFICE OF W. JOHN GADD<br>Bank of America Building<br>2727 Ulmerton Road<br>Suite 250<br>Clearwater, FL  33762-3369<br>Telephone:     (727) 524-6300<br><br>*Counsel for Plaintiff, Catherine Grace McFarlane*<br><br>Served via transmission of Notice of Electronic Filing generated by CM/ECF | Ashwin R. Trehan, Esq. (0042675)<br>Email: ashwin.trehan@jacksonlewis.com<br>JACKSON LEWIS P.C.<br>Wells Fargo Center<br>100 South Ashley Drive<br>Suite 2200<br>Tampa, FL  33602<br>Telephone:     (813) 512-3210<br>Facsimile:     (813) 512-3211<br><br>*Counsel for Defendant, Hotel Equities Group, LLC*<br><br>Served via transmission of Notice of Electronic Filing generated by CM/ECF |

4844-0327-0513, v. 1